T.C. Summary Opinion 2012-60

UNITED STATES TAX COURT

SAMUEL CARMICKLE AND PAULINE CARMICKLE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27793-09S.                          Filed June 26, 2012.

Samuel Carmickle and Pauline Carmickle, pro sese.

<u>Martha J. Weber</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies and penalties in petitioners' 2005 and 2006 Federal income taxes.[2] These amounts were subsequently amended in respondent's amendment to answer, filed June 7, 2011. Respondent's amendment to answer reflects concessions made by the parties in their supplemental stipulation of facts, filed May 10, 2011.[3] Respondent now asserts that the

---

[2]The notice of deficiency indicated that respondent determined that petitioners were liable for an addition to tax under sec. 6651(a)(1) for failing to timely file their 2006 return. Respondent has conceded that petitioners timely filed their 2006 return and that imposition of the addition to tax under sec. 6651(a)(1) is not appropriate.

[3]The parties stipulate that petitioners claimed a $53,162 loss on their 2005 tax return. The parties agree the loss is $46,589 and that petitioners are entitled to claim the loss for 2005.

On their 2006 return petitioners claimed an $18,050 loss on Schedule E, Supplemental Income and Loss, from their subchapter S corporation. The parties agree that petitioners are entitled to claim the loss for 2006.

In the notice of deficiency respondent allowed petitioners a $1,000 home office deduction for 2006. The parties agree that petitioners are not entitled to the $1,000 home office deduction. The parties also agree that petitioners failed to report $825 of dividend income and $2,039 of wages for 2006.

As a result of petitioners' being allowed to deduct additional Schedule E rental expenses of $15,911.50, the amount of gain from the sale of property for 2006 is increased from $73,359.00 to $89,270.50.

deficiencies for 2005 and 2006 are $6,961 and $11,423, respectively, and that the penalties under section 6662(a) for 2005 and 2006 are $1,392.20 and $2,284.60, respectively.

The issues remaining for decision are: (1) whether petitioners are entitled to an $8,600 Schedule E deduction for "lost rent" for 2005; (2) whether petitioners are entitled to deduct a $22,705 loss attributable to home office expenses for 2005; (3) whether petitioners can exclude $89,270.50 in gain from the sale of an apartment building for 2006 under section 121; and (4) whether petitioners are liable for an accuracy-related penalty under section 6662(a) for 2005 and 2006.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioners resided in Tennessee.

Petitioners timely filed joint income tax returns for the 2005 and 2006 taxable years.

In 2005 petitioners owned individual properties in Evergreen Park, Central Park, and Chicago, Illinois.

Evergreen Park Property

The Evergreen Park property is a six-unit apartment building which Mr. Carmickle managed in 2005. Petitioners rented several units in the building to tenants during 2005 and 2006.

On a Schedule E attached to their 2005 return, petitioners claimed an $8,600 deduction for "lost rent" for the Evergreen Park property. Petitioners contend that the "lost rent" deduction represents delinquent rent owed by their tenants.

In 2006 petitioners sold the Evergreen Park property. On the Form 4797, Sales of Business Property, attached to their 2006 return, petitioners reported gain of $78,409 from the sale. However, petitioners did not include the gain as taxable income on their 2006 return. The parties agree that $89,270.50 is the correct amount of gain that petitioners realized from the sale of the apartment building. The parties also agree that petitioners received rents of $13,855 in 2006 from the property before it was sold, which they did not include as income on their 2006 income tax return.

Chicago Property

Petitioners considered the Chicago property to be their personal residence. Petitioners used the address for the Chicago property as their mailing address.

Petitioners also parked their personal vehicles in the garage of the Chicago property.

Petitioners were shareholders of Carmickle & Associates, an S corporation involved in the business of renovating, developing, and managing properties. On their 2005 return petitioners claimed a flowthrough loss of $22,705 from Carmickle & Associates. Petitioners contend that the loss relates to a home office expense for an office that Mr. Carmickle claims to have maintained at the Chicago property. Petitioners' home office deduction for 2005 included amounts claimed for purchases, automobile insurance, automobile depreciation, and automobile repairs.

## Discussion

As a general rule, the Commissioner's determinations are presumed correct, and taxpayers bear the burden of proving that those determinations are erroneous. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). In the amendment to answer, respondent made several adjustments, including increasing the amount of gain from the sale of the Evergreen Park property in 2006 from $73,359 to $89,270.50. This, along with petitioners' failure to include $13,855 of rent from the Evergreen Park property on their 2006 return, resulted in a deficiency for 2006 that is greater than respondent

determined in the notice of deficiency for that year.  Therefore, respondent has the burden of proof with regard to the increase in the deficiency for 2006.  See Rule 142(a).  On the basis of the parties' arguments, documentary evidence, and testimony in the record before us, we find that respondent has satisfied this burden.

Deductions are a matter of legislative grace, and taxpayers generally bear the burden of proving that they are entitled to any deduction claimed.  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. at 115.  To meet the burden, taxpayers must supply substantiation of any deductions and expenses claimed.  Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); see sec. 6001; sec. 1.6001-1(a), Income Tax Regs. (requiring taxpayers to maintain sufficient records to permit verification of deductible expenses).

## I.  "Lost Rent" Deduction

Section 162(a) allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  In general, business expenses, which are deductible from gross income, include the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business.  Sec. 1.162-1(a), Income Tax Regs.

Taxpayers have the burden of establishing their right to a claimed deduction as an "ordinary and necessary expense[] paid or incurred during the taxable year in carrying on any trade or business." Kalamazoo Oil Co. v. Commissioner, 693 F.2d 618, 620 (6th Cir. 1982), aff'g T.C. Memo. 1981-344.

The amount petitioners deducted as "lost rent" represented amounts their tenants owed them for past-due rent. We have held that past-due or unpaid rents are not a deductible expense where they have not previously been included as income on the taxpayers' return. Mills v. Commissioner, T.C. Memo. 1991-592.

In addition, as previously noted, petitioners must supply adequate substantiation of any deductions and expenses claimed. See Hradesky v. Commissioner, 65 T.C. at 89; see also sec. 1.6001-1(a), Income Tax Regs. In order to do so, taxpayers must keep adequate records reflecting that their business expenses are ordinary and necessary. Secs. 162, 6001. Petitioners have not provided the Court with evidence sufficient to meet these substantiation requirements. The evidence presented to the Court is not sufficient to enable us to verify the amount of the "lost rent" expense claimed by petitioners. Petitioners presented no lease or loan documents representing amounts due from their tenants or showing that amounts were "loaned" to tenants in order to cover their rent obligations. Instead, petitioners presented only a handwritten "Summary of

Tenants", which lists only the names of tenants, their current rent charges, and amounts listed as "Loan to Tenant Rent Short".

Therefore, we hold that petitioners are not entitled to the claimed $8,600 "lost rent" deduction for 2005 and sustain respondent's determination.

## II. Home Office Expense Deduction

On their 2005 return petitioners claimed a nonpassive loss of $22,705 from Carmickle & Associates, for which the record does not reflect a filed tax return for 2005 or any gross income for 2005. Petitioners contend that the entire loss is for estimated expenses claimed for a home office at the Chicago property.

As a general rule, section 280A(a) provides that no deduction shall be allowed with respect to the business use of a dwelling unit that is used by the taxpayer during the year as a residence. However, section 280A(c)(1) provides an exception for certain business use of a dwelling unit, provided that a portion of the dwelling unit is exclusively used on a regular basis as the principal place of business. The term "a portion of the dwelling unit" refers to "a room or other separately identifiable space;" a permanent partition marking off the area is not necessary. Hefti v. Commissioner, T.C. Memo. 1993-128, Tax Ct. Memo LEXIS 133, at *22. The term "principal place of business" includes a place of business used by the taxpayer to perform administrative or management activities related to

the trade or business if there is no other fixed location of the trade or business where substantial administrative or management activities are undertaken. Sec. 280A(c)(1).

Petitioners claimed a flowthrough loss of $22,705 as a "home office" nonpassive loss from Schedule K-1, Partner's Share of Income, Deductions, Credits, etc., on the Schedule E attached to their 2005 return. To support their home office expenses, petitioners provided an estimate of the home office expenses they incurred for 2005 in the form of a handwritten schedule or log. Petitioners offered no further documentation to explain how they arrived at the estimated amounts, nor is there evidence such as receipts or invoices establishing that the expenses were incurred for the home office. Petitioners' estimate of home office expenses included purchases of inventory, automobile insurance, automobile depreciation, and automobile repairs.

We find that petitioners have not adequately substantiated their home office expenses. Petitioners produced no books or records supporting their claimed expenses. We are left with little more than petitioners' handwritten schedule of expenses, which is not sufficient to meet their burden. See Cluck v. Commissioner, 105 T.C. 324, 338 (1995) (summary schedules insufficient to entitle the taxpayer to claimed deductions). The summary schedule petitioners provided does not

demonstrate their entitlement to the claimed deductions. In addition, petitioners have not offered any of the documentation underlying their schedule of expenses. We are not required to accept Mr. Carmickle's unsubstantiated testimony, and we decline to do so. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Accordingly, on the grounds of inadequate substantiation and a general lack of evidence, petitioners are not entitled to deduct any of the disputed home office expenses for 2005. We therefore sustain respondent's disallowance of the deduction for home office expenses.

III. Gain From the Sale of the Evergreen Park Property

In 2006 petitioners sold the six-unit Evergreen Park property. On the Schedule E relating to the Evergreen Park property, which was attached to their 2006 tax return, petitioners reported realized gain and asserted that the gain was not taxable under section 121. The net gain from the sale of the property is $89,270.50.

Section 121 provides for the exclusion from gross income of up to $250,000 of gain from the sale or exchange of property if the property was owned and used by the taxpayer as the taxpayer's principal residence for periods aggregating two years or more during the five-year period preceding the sale or exchange. A husband and wife filing a joint return may exclude a maximum of $500,000 of the

gain from gross income if at least one spouse meets the ownership requirement and both spouses meet the use requirement of section 121(a). Sec. 121(b).

Petitioners contend that during 2006 Mr. Carmickle "occupied 5/6 of the rental property (83%) UNITS" as his residence and that "[p]etitioners are therefore entitled to eliminate capital gains of all the building" under section 121.

Whether a residence qualifies as the taxpayer's principal residence for purposes of section 121 is a question of fact that is resolved with reference to all the facts and circumstances. Sec. 1.121-1(b)(2), Income Tax Regs.; see also Thomas v. Commissioner, 92 T.C. 206, 244 (1989); Clapham v. Commissioner, 63 T.C. 505, 508 (1975).

For 2005 and 2006 petitioners claimed a home office expense on behalf of Mr. Carmickle for the Chicago property, which implies that he resided there during those years. In addition, it is not contested that Mrs. Carmickle resided at the Chicago property and that she never resided at the Evergreen Park property. Mr. Carmickle received mail at the Chicago property, including all of his utility bills. Furthermore, it is undisputed that neither petitioners nor their family members resided at the Evergreen Park property in the years before 2006.

The record is devoid of evidence supporting petitioners' claim that Mr. Carmickle used one or more of the units in the Evergreen Park property as his

principal residence during 2006, other than his self-serving testimony that he maintained an office at the apartment building and spent about 20 hours a week at the property. We need not accept a taxpayer's self-serving testimony when the taxpayer fails to present corroborative evidence. Broz v. Commissioner, 137 T.C. 46, 59 (2011).

Taking into account all of the facts and circumstances before us, we are satisfied that petitioners did not use the property as a principal residence during 2006. We therefore find that it was not petitioners' principal residence, as that term is used in section 121. Accordingly, we sustain respondent's determination that petitioners are not entitled to exclude from their 2006 gross income the gain realized on the sale of the Evergreen Park property.

## IV. Section 6662(a) Accuracy-Related Penalty

Section 6662(a) imposes an accuracy-related penalty equal to 20% of the underpayment to which section 6662 applies. Section 6662 applies to the portion of any underpayment which is attributable to, inter alia, negligence, sec. 6662(b)(1), or a substantial understatement of income tax, sec. 6662(b)(2).

Respondent determined that petitioners were liable for section 6662(a) accuracy-related penalties of $1,392.20 and $2,284.60 for the taxable years 2005 and 2006, respectively. Respondent contends that the underpayments of tax are

attributable either to negligence or substantial understatements of income tax. Respondent's contentions necessarily reflect alternative grounds for imposing the section 6662 penalties because only one section 6662 accuracy-related penalty may be imposed with respect to any given portion of any underpayment, even if the underpayment is attributable to more than one of the types of listed conduct. See New Phoenix Sunrise Corp. v. Commissioner, 132 T.C. 161, 187 (2009), aff'd, 408 Fed. Appx. 908 (6th Cir. 2010); sec. 1.6662-2(c), Income Tax Regs.

For purposes of section 6662, negligence is any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and disregard includes any careless, reckless, or intentional disregard. Sec. 6662(c); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985) (negligence is lack of due care or failure to do what a reasonably prudent person would do under the circumstances); sec. 1.6662-3, Income Tax Regs. Negligence also includes any failure to exercise ordinary and reasonable care in the preparation of a tax return or any failure to keep adequate books and records and to properly substantiate items. Sec. 1.6662-3(b)(1), Income Tax Regs.

We find that petitioners acted negligently by failing to keep adequate books and records and by not exercising reasonable care given the circumstances. Petitioners could not and did not substantiate the deductions that respondent

disallowed. Petitioners failed to comply with the internal revenue laws or to exercise ordinary and reasonable care in preparing their 2005 and 2006 tax returns. That petitioners' claimed deductions and exclusions from income were not supported by their documentation exhibits that, at the very least, they were careless about complying with their income tax obligations.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayers' position and that the taxpayers acted in good faith with respect to that portion. See Higbee v. Commissioner, 116 T.C. 438, 448 (2001). The determination of whether taxpayers acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id.

Petitioners have not shown reasonable cause, as their theories purporting to justify erroneous deductions are implausible. In addition, petitioners failed to seek competent tax advice in filing their returns. Petitioners offered no evidence or explanation that indicates that there was reasonable cause, and that they acted in

good faith, with respect to the underpayments.  As a result, we hold that petitioners are liable for the accuracy-related penalties under section 6662(a), and the penalties are sustained on the recomputed deficiencies.  Because we conclude that petitioners were negligent, we need not address respondent's alternative grounds for imposing the section 6662 penalties.

In reaching our decision, we have considered all arguments made by the parties.  To the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.